E. BRYAN WILSON
Acting United States Attorney

RYAN D. TANSEY
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
101 12th Avenue, Room 310
Fairbanks, Alaska 99701
Phone: (907) 456-0245
Fax: (907) 456-0577
Email: Ryan.Tansey@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>RYAN DALBEC, RAIHANA NADEM, a/k/a RAIHANA DALBEC, and BRIAN LOWELL NASH II,<br><br>　　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) No. 4:21-cr-00011-RRB-SAO<br>)<br>)<br>)<br>)<br>)<br>) |

**UNITED STATES' PARTIALLY UNOPPOSED MOTION
FOR A PROTECTIVE ORDER**

The United States hereby moves the Court for a protective order to safeguard against the disclosure of discovery materials to persons outside the defense team. Counsel for defendant Nash has consented to the entry of the proposed order submitted with this motion; putative counsel for defendants Dalbec and Nadem have been contacted

but have not explicitly consented to the order.[1]

## ARGUMENT

This Court has the power to issue "protective and modifying orders" regulating discovery. Fed. R. Crim. P. 16(d)(1). Specifically, "[a]t any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." *See Alderman v. United States*, 394 U.S. 165, 185 (1969) ("The trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials").

The discovery in this case will involve the production of multiple gigabytes of electronically stored information to defendants. Certain of these documents, such as financial institution records, necessarily contain personally identifiable information (PII) about the defendants and other individuals and entities. Other documents contain information that would tend to embarrass or otherwise invade the privacy of individuals and businesses that are not charged in the case. Given the number of documents containing personally identifiable information and their possible relevance to the crimes charged in the Indictment, redaction of PII is not feasible. Nonetheless, PII must be protected from disclosure in the open public record. To the extent practicable, these privacy and confidentiality concerns should be respected by the parties to ensure that unnecessary harm is not caused in the course of these proceedings.

The United States submits that a limited protective order covering the pre-trial use

---

[1] The United States notes that this proposed protective order closely tracks the language of the standard protective order entered in most criminal cases in the Southern District of California.

Govt. Mot. Protective Order
U.S. v. Dalbec et al.
4:21-cr-00011-RRB-SAO                Page 2 of 5
Case 4:21-cr-00011-RRB-SAO   Document 41   Filed 05/13/21   Page 2 of 5

of these materials is appropriate and will not undermine the defendants' rights. The proposed order seeks to protect against the public disclosure of PII and damage to the reputation and privacy of third parties not named as defendants. Moreover, the protective order is narrowly tailored to cover only evidence obtained through the criminal discovery process, and does not preclude any party from using such evidence in a filing that otherwise complies with the redaction rules or during a hearing or trial. *See* District of Alaska Electronic Filing Procedures Guide, Rule 27 (April 2019). In sum, these restraints on the use of criminal discovery are narrowly tailored to achieve the goals of protecting against unnecessary disclosure of confidential personal and business information, and are justifiable uses of this Court's authority.

Here, the disclosure of discovery should be limited to those individuals who are personally and directly involved in preparing the defense and trial of this criminal case and for no other purpose. Consequently, the United States moves for a protective order to safeguard this discovery from disclosure to persons outside of the defense team. For purposes of this motion, the "defense team," refers to the defendant, attorneys of record in this case, and attorneys, paralegals, investigators, experts, and secretaries employed by the attorneys of record and performing work on behalf of the defendant.

The protective order should:

1. Prohibit the members of each defense team from distributing, disseminating, disclosing or exhibiting discovery to any person who is not part of that defense team (including representatives of the news media), and for any purpose other than preparing a defense of this case;

Govt. Mot. Protective Order
U.S. v. Dalbec et al.
4:21-cr-00011-RRB-SAO                    Page 3 of 5
Case 4:21-cr-00011-RRB-SAO   Document 41   Filed 05/13/21   Page 3 of 5

2. Require each counsel of record to ensure that every member of his/her defense team is advised of the protective order and has agreed to be bound by its terms;

3. Require that if, in the course of preparing the defense in this case, counsel of record or any member of the defense team needs to show any discovery material to any person outside of the defense team (such as to a third-party witness), such person is notified of the limitations on further dissemination and agrees to be bound by the terms of this protective order and that the defense may not provide third parties with copies of discovery materials without further order of the Court;

4. Require that if disclosure of discovery to a person outside the defense team occurs, the discovery be shown only to, and not left with, such person; and

5. Require that at the conclusion of the proceedings in this case (including any appeals or habeas petitions), counsel of record shall return the discovery to the United States upon request, or certify to the United States that said materials have been destroyed upon request, consistent with the terms of the attached proposed order.

Nothing in this motion or in the court's authorization should be construed as enlarging the Government's discovery obligations or creating any right to material not otherwise discoverable, as determined by the government or as directed by the Court.

Counsel for defendant Nash has advised that the proposed order is acceptable. The United States contacted putative counsel for defendants Dalbec and Nadem about the proposed protective order, and neither has voiced objections or explicit approval. In the interest of expediting the production of discovery, the United States is filing this motion as partially unopposed.

Govt. Mot. Protective Order
U.S. v. Dalbec et al.
4:21-cr-00011-RRB-SAO            Page 4 of 5
Case 4:21-cr-00011-RRB-SAO   Document 41   Filed 05/13/21   Page 4 of 5

## CONCLUSION

The United States respectfully requests that the Court issue an order prohibiting the defense team from disclosing discovery except as otherwise permitted in the Order.

RESPECTFULLY SUBMITTED May 13, 2021 at Fairbanks, Alaska.

E. BRYAN WILSON
Acting United States Attorney

*s/ Ryan Tansey*
RYAN D. TANSEY
Assistant United States Attorney
United States of America

**CERTIFICATE OF SERVICE**
I hereby certify that a copy of the
foregoing was served electronically
on all counsel of record
via the CM/ECF system:

Counsel of Record

*s/ Ryan Tansey*
Office of the U.S. Attorney

Govt. Mot. Protective Order
U.S. v. Dalbec et al.
4:21-cr-00011-RRB-SAO            Page 5 of 5
Case 4:21-cr-00011-RRB-SAO   Document 41   Filed 05/13/21   Page 5 of 5